## CIRCUIT COURT OF NOTTOWAY COUNTY

Gloria J. Allen

v.

Florence H. Jackson

### February 3, 1987

By JUDGE OLIVER A. POLLARD, JR.

This matter is before the Court on Exceptions to the Report of the Commissioner in Chancery filed on October 28, 1975. This suit was brought for the purpose of partitioning real estate situated in Nottoway County, Virginia.

Briefly, the facts involved in this matter are as follows: Florence Hunt and George H. Jackson went through a marriage ceremony on July 3, 1933. At the time he was married to another woman who lived in West Virginia and who, thereafter, divorced him in September of 1938. George Jackson died intestate on October 26, 1960. He left surviving a daughter, Gloria J. Allen, the Plaintiff in this suit. Florence H. Jackson is the defendant. After the marriage Mr. and Mrs. Jackson lived in Crewe, Virginia, he being employed by Norfolk and Western Railroad and she being involved as a beautician. In 1954 Lot 9, Section 39, Crewe, Virginia, was deeded to Florence H. Jackson and George H. Jackson. Various materials were gathered from different sources and a home was built on this property. Evidence was presented before the Commissioner, which was to some extent conflicting as to who paid for various items that went into the home. The Commissioner found that construction of the dwelling was a joint enterprise in which Florence Jackson paid for some of the material and labor. He then stated that the evidence supported a finding that Florence Jackson had bought $2000.00 to

$2500.00 worth of material from one individual who testified at the Commissioner's hearing, and that another $600.00 was spent on a shed by the Defendant, Florence Jackson. He stated that the evidence was not sufficient for any finding as to labor. The final decision of the Commissioner was that the Plaintiff and Defendant each owned one-half interest in the lot and home, but that Defendant, Mrs. Jackson, should be given $3000.00 credit for proven expenditures on the home. Defendant filed exceptions to the Commissioner's Report claiming that the conveyance of the one-half interest to Mr. Jackson was induced by fraud, or in the alternative, that Mrs. Jackson should be given full credit for enhancement in the value of the house directly related to her investments in the home under the law applicable to joint tenancies.

Memoranda have been filed by Mr. George S. Cummins on behalf of the Plaintiff and by Mr. John M. Boswell on behalf of the Defendant. Mr. Cummins argues that the findings of the Commissioner should be confirmed and reminds the Court that such findings are to be considered facie correct and entitled to great weight. I have no problem with this and agree with the majority of the Commissioner's findings of fact or rather his inability to make many findings due to lack of sufficient evidence.

Mr. Boswell argues, conceding for that purpose that George and Florence Jackson each owned a one-half interest in the lot, that she should be given credit for the full value of the house, as she claims to have paid for all materials provided for construction. This position, however, is defeated by the evidence presented by the Plaintiff. The Commissioner found that this was a joint enterprise and that both parties had contributed to the construction of the house. There was no evidence to show any specific amounts furnished by Mr. Jackson, or the total cost of construction, and, therefore, the relationship of the Defendant's contribution to the total value could not then and cannot now be ascertained.

On the question of fraud, Mrs. Jackson claims she paid the entire purchase price for the lot and she would not have placed her husband's name on the deed had she known they were not legally married. The Defendant, therefore, claims that there was fraud in the procurement of the deed by virtue of her supposed husband's misrepresen-

tation of their marriage status. Plaintiff responds by saying that civil status of the Jacksons at the time they were conveyed the real estate makes no difference. He also argues that she knew during the time they were living together that she and George Jackson were not legally married and did nothing to correct the situation, and that the Defendant stated that the purpose for putting his name on the deed was "appreciation to him because he was a father to my child."

A reading of the Commissioner's Report reveals that the Commissioner made no findings on the question of who paid for the property, initially, or whether Mrs. Jackson knew her marriage to Mr. Jackson was illegal. With this in mind, I reviewed the testimony taken on behalf of each party to this suit. Several witnesses, including George Jackson's brother, Ralph Jackson, and the Defendant's brother, Herbert Ford, testified that a house owned by Mr. and Mrs. Jackson was traded to Herbert Ford for the lot which is the subject of this law suit. Mrs. Jackson testified, without contradiction, that she had owned the property traded for the lot. The Commissioner had questioned Mrs. Jackson on this issue and testimony was elicited as to the name of the individual who had conveyed the property to her, C. L. Jennings. On the question of whether Mrs. Jackson knew whether her marriage to Mr. Jackson was valid, Mr. Jackson's daughter, the Plaintiff herein, testifies of hearing her father mention at one time that he was divorced from her mother. On the other hand, Mrs. Jackson testified that she did not know there was any problem with her marriage until the time of her husband's death in 1960. In addition, her daughter, Evelyn Greenhill, who had been raised in the home with Mr. and Mrs. Jackson, testified that she had never known any other name but Jackson and had never heard any discussion between Florence Jackson and George Jackson about them not being legally married.

I am of the opinion that the Defendant, Florence Jackson, considered herself legally married to George H. Jackson and was under that impression until he died and she was notified to the contrary by the Norfolk and Western Railroad Company. I am also of the opinion that she was the owner of the property traded for Lot 9, Section 39, in Crewe, and that she requested that the name of

her supposed husband be put on the deed because she considered him to be her legal husband and for this reason alone.

As a general rule fraud will invalidate a deed. See 16 Michie's Jurisprudence, *Rescission, Cancellation and Reformation*, Section 12, "fraud," etc. Fraud may consist in a suppression of what is true and if a party conceals a fact that is material to the transaction, knowing that the other party is acting on the assumption that no such fact exists, the concealment is as much a fraud as if the existence of the fact was expressly denied. 8B Michie's Jurisprudence, *Fraud & Deceit*, Section 15.

It is the Court's conclusion that Florence Jackson and George Jackson were not legally married at the time the property in question was purchased as bigamous marriages are absolutely void in the State of Virginia. Further, that Mrs. Jackson acquired the property in question with the purpose of building a family home under the assumption that she and Mr. Jackson were married. This he presented to her to do either by design or in total disregard of her interests and rights, and that she would not have purchased or put property in his name if she had known the fact that he was not divorced from his prior wife.

I will ask Mr. Boswell to prepare a decree incorporating the Court's findings, invalidating the deed and appointing himself as Commissioner to convey the interest of the Plaintiff to the Defendant.